# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        v.                                              Criminal Action No. 2:13cr40

JOSE FRANCISCO RAMIREZ,
a/k/a Chico,
       Defendant.

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Jose Francisco Ramirez, in person and by counsel, L. Richard Walker, appeared before me on January 14, 2014. The Government appeared by Stephen Warner, its Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Counts Eight and Nine of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court inquired whether Defendant was a citizen of the United States. Defendant responded that he was not a citizen of the United States. The Court asked Defendant whether he understood that by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and, that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the agreement as

summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Jose Francisco Ramirez, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned reviewed with Defendant Counts Eight and Nine of the Indictment and the elements the government would have to prove, charging him with possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and aggravated reentry of a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). The undersigned

reviewed with Defendant the maximum statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Counts Eight and Nine of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Eight was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant understood the maximum sentence which could be imposed upon his conviction or adjudication of Guilty on Count Nine was imprisonment for a term of not more than twenty (20) years; a fine of $250,000; or both fine and imprisonment; a term of up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood the Court could impose the sentences to run consecutively.

Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct:   Did you and Mr. Walker discuss that under 18 U.S.C. § 3742 you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals?

Def:  Yes.

Ct:   Did you also understand from discussions with Mr. Walker that under 28 U.S.C. § 2255 you may file a motion collaterally attacking or challenging the sentence and how the sentence is being carried out?

Def.  Yes.

Ct:   Under paragraph fifteen of your written plea agreement, did you discuss with Mr. Walker and do you understand from that discussion that if the District Judge sentences you to an actual sentence that is consistent with an advisory Guidelines sentence having a total offense level of 26 or lower, you give up your right to appeal that sentence to the Fourth Circuit Court of Appeals?

Def:  Yes.

Ct:   Do you understand that under paragraph sixteen of your written plea agreement, you give up your right to collaterally attack or challenge any sentence that the judge imposes on your pleas of guilty?

Def:  Yes.

Ct:   You intended to give up those rights that I've just described to you in accord with the terms and provisions of paragraphs fifteen and sixteen?

Def:  Yes.

Ct:   You fully understood both of those paragraphs before you signed the written agreement?

Def:  Yes.

Ct:     And nothing about your understanding of those provisions has changed since you signed it on December 17th and today?

Def:    No.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Counts Eight and Nine of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged under Counts Eight and Nine of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the

District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea.. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons. Defendant stated he understood that his attorney's estimate of a guideline sentence was not a promise or guarantee and he could not take it as a promise or guarantee that the District Judge's actual sentence would be the same as estimated by his attorney. Defendant stated he understood that he would not have the right to withdraw his guilty plea or claim he would not have pled guilty if he had known the District Judge's actual sentence was going to be different than or more severe than the sentence his attorney may have estimated using the advisory guidelines.

Thereupon, Defendant, Jose Francisco Ramirez, with the consent of his counsel, L. Richard Walker, proceeded to enter verbal pleas of **GUILTY** to the felony charges in Counts Eight and Nine of the Indictment.

The Court would generally hear the testimony of a government witness at this point in the hearing to support an independent basis in fact for the guilty plea. In this case the parties agreed to provide the independent basis in fact by the stipulated proffer of the parties, which is as follows: On September 10, 2013, Hardy County Deputy Sheriff J.L. Vetter made a traffic stop on Defendant's vehicle. Defendant was driving the vehicle. There was a passenger. Defendant possessed on his belt two metal containers, one of which contained a substance containing methamphetamine. Officers found two baggies of substances containing methamphetamine under the front passenger seat. Defendant is an illegal alien who was previously convicted in Augusta County, Virginia, of possession of cocaine with intent to distribute, as an accommodation. He was subsequently deported. After his deportation, he reentered the United States illegally. He is currently present in the United States illegally.

Defendant stated he heard, understood, and did not disagree with the Government's proffer.

The undersigned United States Magistrate Judge concludes the offenses charged in Counts Eight and Nine of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offenses. That independent basis is provided by the Government's proffer. Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant

understood the charges against him, not only as to the Indictment as a whole, but in particular as to Counts Eight and Nine of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for each count; Defendant understood the sentences could be imposed to run consecutively;  Defendant made a knowing and voluntary plea of guilty to Counts Eight and Nine of the Indictment; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge **ACCEPTS** Defendant's pleas of guilty to Counts Eight and Nine of the Indictment and thereby finds Defendant guilty on said charges as contained in Counts Eight and Nine of the Indictment.

The undersigned directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal pending further proceedings.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: January   15, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE